UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 12-2-DLB

WALKER HOWELL                                                               PLAINTIFF

vs.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION                        DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff brings this *pro se* appeal pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Social Security Administration's decision to deny his claim for Title II Disability Insurance Benefits.[1]  Having reviewed the record and the parties' dispositive motions (Docs. # 12, 13), the Court **affirms** the Commissioner's decision.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff has sought benefits in one form or another from the Social Security Administration for over twenty-seven years. His efforts have been successful at times while futile at other times. He is currently appealing the Administration's December 7, 2011 decision denying him Title II Disability Insurance Benefits ("DIB"). However, to fully

---

[1] In his motion for summary judgment, the Commissioner also addresses the Administration's denial of Plaintiff's claim for Title XVI Supplemental Security Income ("SSI"). However, Plaintiff has quite clearly only appealed the Administration's decision to deny him Title II Disability Insurance Benefits. His Complaint states that he "pray[s] the Court will make a new decision about [his] Title II Disability." (Doc. # 1 at 6). Similarly, his motion for summary judgment asks the Court to "grant a Summary Judgment in Plaintiff's favor of his (Howell) Title II Disability." (Doc. # 12 at 1). Because Plaintiff is only seeking to appeal the Administration's finding on his Title II Disability Insurance Benefit claim, the Court will not consider his original claim for Title XVI SSI benefits.

understand the claims Plaintiff presents in this appeal, it is helpful to review Plaintiff's protracted history with the Social Security Administration ("SSA").

On January 18, 1985, Plaintiff was working on a hillside when a tree fell and hit him in his lower back. (Doc. # 1 at 1). Plaintiff was knocked unconscious. (*Id.*). He was treated at a hospital in Pikeville, Kentucky for nine days after the injury, though the treatment allegedly did not cure his injuries. He alleges that he still suffers disabling back pain as a result of the accident, which continues to worsen.

As a result of his back injury, Plaintiff filed a claim for benefits[2] with the SSA on January 13, 1987, which was denied by an Administrative Law Judge ("ALJ"). (Doc. # 1 at 2). Plaintiff appealed that decision to the United States District Court for the Eastern District of Kentucky. The court remanded Plaintiffs claim to the ALJ for further consideration. On remand, an ALJ conducted an evidentiary hearing and then denied the claim on December 7, 1988. The United States District Court affirmed the ALJ's decision on November 3, 1989. (Doc. # 1 at 2).

Plaintiff filed a second application for DIB on February 7, 1990, primarily alleging that he was disabled because of the back injury. (Doc. # 1-3 at 1); *Howell v. Commissioner of Social Sec.*, 37 F. App'x 765, 766 (6th Cir. 2002). This claim was denied by an ALJ on June 17, 1991, but later remanded by the United States District Court for further consideration. On September 8, 1992, while Plaintiff's remanded claim for DIB was pending, Plaintiff filed an application for Supplemental Security Income ("SSI"). An ALJ considered the SSI application and the remanded DIB claim in tandem, denying both claims

---

[2] The type of benefits sought is unclear from the record.

2

in a March 23, 1994 decision. However, that decision was also remanded "for further consideration of [Plaintiff's] alleged mental impairments and the different time frames that were covered by his [DIB and SSI] claims." *Howell*, 37 F. App'x at 766.

Upon remand, the ALJ found that Plaintiff was capable of performing a limited range of light work, and that there were a significant number of available jobs that he could perform. *Id.* The ALJ therefore concluded that Plaintiff was not disabled and denied his claim for SSI and DIB. *Id.* On appeal, the district court affirmed the ALJ's decision concerning DIB, but remanded the case for an award of SSI benefits for a period beginning on June 30, 1997. *Id.* In doing so, the district court concluded that Plaintiff was medically disabled as of June 30, 1997. The district court's decision was affirmed by the Sixth Circuit Court of Appeals on June 19, 2002, *Howell*, 37 F. App'x at 767, and the Supreme Court denied certiorari on June 13, 2003, *Howell v. Barnhart*, 537 U.S. 1124 (2003).

Based on the district court's decision, Plaintiff was entitled to receive SSI benefits beginning on June 30, 1997. Plaintiff apparently assumed he would be awarded past-due benefits up to the present day—sometime in early 2000. However, after considering the district court's decision, the SSA only provided Plaintiff with SSI benefits through September 1999 because, starting in October 1999, his wife's income exceeded the maximum amount to remain eligible for benefits.

After being advised that he would only receive SSI benefits through September 1999, Plaintiff filed a third claim for benefits on February 15, 2006. (Doc. # 1-2 at 4). Plaintiff alleged a disability onset date of June 30, 1997—the date the district court previously determined as his disability onset date. The SSA construed the claim as one for SSI, and denied the claim because Plaintiff and his wife had excess resources. (Doc.

3

# 1-3).  Plaintiff subsequently filed a request for a hearing before an ALJ, which was conducted on May 10, 2007.  (*Id.*).  On July 17, 2007, the ALJ issued a decision construing Plaintiff's February 15, 2006 claim for SSI benefits as a request for reinstatement of benefits awarded "[u]nder the application for Supplemental Security Income filed February 7, 1990."  (Doc. # 1-3 at 7).  So construed, the ALJ reinstated Plaintiff's SSI benefits beginning September 31, 2004.  (*Id.*).

Plaintiff appealed the ALJ's favorable decision to the SSA's Appeals Council, apparently because the ALJ failed to consider whether he was entitled to Title II DIB.  (Tr. 15).  The Appeals Council found a number of errors in the ALJ's decision.  First, the Appeals Council found that the ALJ should have considered whether Plaintiff was entitled to Title II DIB, which he failed to do.  Second, the Appeals Council found it was unclear whether Plaintiff even intended to appeal the original denial of his SSI claim.  If he did not intend to appeal the denial of SSI benefits, the Council suggested that the ALJ improperly awarded SSI benefits on appeal.  Finally, even if Plaintiff intended to appeal the denial of SSI benefits, the Council held that the ALJ erred as a matter of law in reinstating those benefits.  As a result, the Appeals Council instructed the ALJ on remand to consider (1) whether Plaintiff intended to have the ALJ consider the Administration's initial denial of SSI benefits and (2) whether Plaintiff was entitled to SSI or Title II DIB.

On March 16, 2011, ALJ Charlie Paul Andrus issued his decision from the Appeals Council's remand.  After conferring with Plaintiff at an October 12, 2010 hearing, ALJ Andrus concluded that Plaintiff did not intend to appeal the Administration's initial denial of his SSI claim.  Additionally, the ALJ held that Plaintiff was not entitled to Title II DIB because he was not insured at the time of his alleged disability onset date.  Therefore, ALJ

Andrus denied Plaintiff's application for both Title II DIB and SSI.

Thereafter, Plaintiff appealed ALJ Andrus' unfavorable decision to the SSA Appeals Council. Plaintiff also submitted additional evidence for the Council's consideration, including a letter he drafted and medical reports from Doctors Ira B. Potter and Duane Densler. (Tr. 8). On December 7, 2011, the Appeals Council notified Plaintiff that it found no reason under its rules to review ALJ Andrus' decision, making the ALJ's decision the final decision of the Commissioner.

## II. ANALYSIS

Plaintiff appeals the Commissioner's decision to deny his claim for disability insurance benefits, though his grounds for doing so are unclear. He appears to generally argue that the Commissioner's December 7, 2011 decision is not supported by substantial evidence. However, he also advances twenty five arguments that appear to challenge aspects of his two previous claims.[3] To the extent that those arguments are relevant to his most recent claim for DIB and the Commissioner's December 7, 2011 decision, the Court will consider them as part of its substantial evidence review.

### A.   The "Substantial Evidence" Standard of Review

The Court's review of ALJ Andrus' decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a

---

[3] For example, regarding his first claim for benefits, he challenges the evidence relied upon by the medical examiner and the ALJ's finding that he was not precluded from all types of work. Regarding his second claim for benefits, he challenges, *inter alia*, the ALJ's reliance on medical opinions that were not supported by "detailed assessments" and hypothetical questions posed to the vocational expert. The Court cannot reconsider issues decided in Plaintiff's previous claims.

conclusion.'" *Id.* (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the decision is supported by substantial evidence, it must be affirmed even if this Court would have arrived at a different result. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

     **B.    ALJ Andrus' decision to deny Plaintiff's claim for disability insurance benefits is supported by substantial evidence**

To be eligible for disability insurance benefits, "an individual must establish that he became 'disabled' *prior* to expiration of his insured status." *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990) (emphasis added) (citing 42 U.S.C. § 423(a) and (c)). Plaintiff has failed to establish this temporal requirement. Plaintiff was last insured on December 31, 1990. In his most recent application for DIB, he alleged a disability onset date of June 30, 1997. Because this alleged onset date is nearly seven years after Plaintiff was last insured, Plaintiff cannot show that he was "disabled prior to expiration of his insured status." *See Moon*, 923 F.2d at 1182.

Although Plaintiff alleged a disability onset date of June 30, 1997, each of the arguments presented in his motion for summary judgment suggest that he believes he was disabled as of January 18, 1985. If that were the case, Plaintiff would have been insured on the date he became disabled and, thus, entitled to disability benefits. However, Plaintiff's attempt to convince the Court that he was disabled on January 18, 1985 ignores the force of res judicata.

Res judicata is a principle that applies to social security claimants. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997). It "prescribes that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating

issues that were or could have been raised in that action." *Id.*  For res judicata to apply, four elements must be present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the cause of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Plaintiff's attempt to have the Court reconsider his disability onset date is clearly precluded by res judicata.  On appeal of the Administration's denial of his second claim for benefits, Judge Wix Unthank found that Plaintiff became disabled on June 30, 1997.  *See Howell v. Comm'r of Soc. Sec.*, 37 F. App'x 765, 766 (6th Cir. 2001); *Howell v. Comm'r of Soc. Sec.*, Case No. 7:00-cv-86-GWU (E.D. Ky.  Sept. 16, 2005) (Docs. # 13, 14).  That decision was later affirmed by the Sixth Circuit Court of Appeals.  *Howell*, 37 F. App'x at 767.  Plaintiff wishes to re-litigate that very issue in this appeal.  Because each of the four elements of res judicata are met, Plaintiff is precluded from challenging his previously-determined disability onset date.

The preclusive effect of Judge Unthank's decision may be avoided, though, if a limited exception to res judicata applies.  In reviewing a subsequent claim for benefits, an ALJ may revisit a claimant's condition during the previously-considered time period if the claimant presents new and material evidence relevant to that time period.  *See Bailey v. Astrue*, No. 10-262-DLB, 2011 WL 4478943, at *3 (E.D. Ky. Sept. 26, 2011) (citing 20 C.F.R. §§ 404.988, 416.1488-1489; *Brewster v. Barnhart*, 145 F. App'x 542, 546 (6th Cir. 2005); *Wheeler v. Sec. of Health & Human Serv.*, No. 85-1757, 1986 WL 16116, at *1 (6th Cir. Aug. 8, 1986)).  Here, Plaintiff is asking the Court to consider evidence that was

submitted along with his previous claims. There is no indication that Plaintiff presented *new* evidence to ALJ Andrus during his third claim for benefits that would suggest he was disabled prior to June 30, 1997. In fact, it does not appear that Plaintiff presented any medical records to ALJ Andrus at all. Instead, he presented two medical records to the Appeals Council along with his request to review ALJ Andrus' unfavorable decision. Even if the Appeals Council could have considered those records, they say nothing about his condition prior to June 30, 1987. The first set of records contains the results of an MRI performed on October 15, 2009; the second set of records contains notes from physical examinations performed on January 12, 2010 and September 28, 2010. (Tr. 22-27). Because these records do not speak to Plaintiff's condition during the time period considered in his second claim for benefits, ALJ Andrus was not permitted to find that Plaintiff was disabled before the date determined by Judge Unthank.

At best, the records Plaintiff provided to the Appeals Council might have shown that he was disabled some time in 2009 or 2010. But even if that were true, Plaintiff would still not be entitled to DIB. As previously stated, in order to receive DIB, Plaintiff must demonstrate that he was insured on the date he became disabled. Plaintiff was last insured on December 31, 1990, nearly nineteen years before the time period addressed by the medical records submitted to the Appeals Council. As such, the records do nothing to show that Plaintiff was either disabled before June 30, 1997, or entitled to benefits at any point thereafter.

### III. CONCLUSION

In the end, Plaintiff must be clear on what this appeal is and what it is not. This appeal is an opportunity for Plaintiff to challenge ALJ Andrus' March 16, 2011 decision to

deny his claim for DIB and SSI. However, this appeal is not an opportunity for Plaintiff to challenge every alleged mistake that occurred over the past twenty-seven years that he has dealt with the Social Security Administration. Plaintiff's previous claims for disability benefits were finally adjudicated by the United States District Court and the Sixth Circuit Court of Appeals. This Court cannot revisit issues litigated in those cases on Plaintiff's present appeal. Instead, this Court can only consider whether ALJ Andrus' March 16, 2011 decision–which became final on December 7, 2011–is supported by substantial evidence. As previously explained, the Court does find that ALJ Andrus decision to deny Plaintiff's claim for disability insurance benefits is supported by substantial evidence. Accordingly,

**IT IS ORDERED** as follows:

(1) The decision of the Commissioner is supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's *pro se* Motion for Summary Judgment (Doc. # 12) is hereby **DENIED**;

(3) The Commissioner's Motion for Summary Judgment (Doc. # 13) is hereby **GRANTED**; and

(4) A Judgment affirming the Commissioner's decision will be entered contemporaneously herewith.

This 27th day of September, 2013.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\Pikeville\7-12-2 HowellMOO.wpd